## McCook *v.* The State.

1. The sixth section of the act of October 21st, 1891, "to protect primary elections . . . and to punish frauds committed thereat," is not unconstitutional as containing matter different from what is expressed in the title of the act. The section in question provides a penalty for voting more than once at a primary election, and such voting is certainly one of the "frauds" to which the title of the act refers.
2. Drunkenness is not an excuse for crime unless the same was occasioned by the fraud, artifice or contrivance of another, or others, for the purpose of having a crime perpetrated. Consequently, if one or more persons give whiskey to another, "in a social way, and with no view or purpose at the time" to induce him to commit a crime, and afterwards, while he is so drunk that he knows not what he does, procure him to commit a crime, he would be legally responsible, and subject to conviction for the same.
   June 12, 1893.

Before Judge WILLIS. City court of Columbus. April term, 1893.

THORNTON & McMICHAEL, by brief, for plaintiff in error.

TOL. Y. CRAWFORD, solicitor, by brief, *contra.*

LUMPKIN, Justice.

1. It was insisted that the act of October 21st, 1891 (Acts of 1890–91, vol. 1, p. 210), "to protect primary elections . . . and to punish frauds committed thereat," is unconstitutional in so far as it makes voting more than once at a primary election a misdemeanor, and provides a punishment for the same, the point being

that the matter just mentioned is different from what is expressed in the title of the act. The act expressly provides for the punishment of frauds at these elections. Indeed, that is its main purpose, and if voting more than once is not a fraud, we are at a loss to conceive what would be one at a public election of any kind. The creation of this offence by the body of the act is within the very letter and spirit of the title, and there is obviously no merit in the objection presented.

2. It is the settled policy of our law that drunkenness shall not be an excuse for crime. The fact of drunkenness may sometimes be proved to explain motives or to illustrate intention, but in only one instance will it serve as an absolute excuse for the commission of an act which the law makes penal, and that is where it has been " occasioned by the fraud, artifice, or contrivance of other person or persons, *for the purpose of having a crime perpetrated.*"    In that event, the person or persons causing the drunkenness for such purpose shall be considered and punished as a principal or principals in the commission of the offence. Code, §4301. If a person already drunk is procured by another to commit a crime, he cannot set up the fact of drunkenness as an excuse for his act. If this were allowed, it would, in a large number of cases, be difficult, if not altogether impracticable, to make a drunken man responsible for his crimes at all; and accordingly, we think it safer and wiser to adhere closely to the plain meaning of the section cited. This is not violative of the rule requiring criminal statutes to be construed strictly. The general rule is that all men, drunk or sober, are criminally responsible for their acts. One exception, and one only, is made by the section above mentioned. The language of that section is not ambiguous or uncertain, and we simply give it force as expressed, there being no occasion for construction, strict or otherwise.

If certain persons had given McCook whiskey and made him drunk for the purpose of "voting him" unlawfully, and had carried out this purpose, they, and not he, would have been guilty; and this, in effect, the court charged. The court, however, qualified this charge, and we think did so properly, by further instructing the jury, in substance, that if other persons gave him whiskey in a social way, and with no view or purpose at the time to vote him unlawfully, and they afterwards did so while he was drunk, he would be guilty. It is, perhaps, morally the same thing, so far as McCook is concerned, whether he was made drunk by others for the purpose of being induced to vote unlawfully, and this purpose was then accomplished, or, after becoming drunk with no such purpose in view, either on the part of himself or others, he was then induced to violate the law in question. But the law makes a difference in the two things, and we are bound to respect this difference and hold that while, in the former instance, McCook would have been guilty of no offence, in the latter he is, and must abide the consequences. *Judgment affirmed.*