## LOCKHART *v.* THE STATE.

1. To constitute a notorious act of public indecency, within the meaning of the Penal Code, § 390, it it essential that the act should have been committed at a time when and in a place where it could have been seen by more than one person.

2. An indictment charging one with "publicly and indecently exposing his secret or private parts of his person" in the presence of one named individual, but which fails to charge that the act was committed at a place where it could have been seen by more than one person, should have been quashed on a demurrer raising this objection.

Argued October 22.— Decided November 12, 1902.

Indictment for public indecency.    Before Judge Willis.    City court of Columbus.    August 18, 1902.

*A. W. Cozart, S. T. Pinkston,* and *E. J. Wynn,* for plaintiff in error.    *Peter Preer, solicitor,* contra.

Совв, J.    Barney Lockhart was arraigned in the city court of Columbus upon an indictment charging that he, " on the 9th day of July, in the year nineteen hundred and two, in the county afore; said, did then and there, unlawfully and with force and arms, pub-. licly and indecently expose his secret or private parts of his person in the presence of one Mrs. E. M. Brumage, contrary to the laws of said State," etc.    The accused demurred to the indictment, upon various grounds, among them being that the facts alleged did not constitute an offense against the laws of the State, that the indict- ment failed to allege that the act of indecency was in a place where it might have been seen by more than one person, and that it did not allege that the act was committed in a public place.    The Pe- nal Code provides that " any person who shall be guilty of . . any notorious act of public indecency, tending to debauch the morals . . shall be guilty of a misdemeanor."    Penal Code, § 390.    A per- son is not guilty of a notorious act of public indecency, within the meaning of this statute, unless the act is committed at a place where and at a time when more than one person was in a posi- tion to see it.    See *Morris* v. *State,* 109 *Ga.* 351.    It is not ab- solutely essential that this place should be a public road or street, but it is at least necessary that it should be at a place that is for the time being open to a portion of the public, as distinguished from a private room or dwelling which at the time is occupied by the inmates only.    But no matter where the place, it is absolutely es- sential, not that more than one person should have actually seen the exposure, but that more than one person was in a position where it would have been possible for them to have seen it.    While the indictment charges that the accused publicly exposed his pri- vate parts in the presence of one named person, it does not allege that this exposure was in a public place or in any other place where it could have been seen by more than one person.    The alle- gation of the indictment is that it was done in the presence of one person, and this was not a sufficient allegation to make out the of- fense.    The accused was entitled to an indictment perfect both in

form and substance, if he called for it at the proper time and in the proper way. He called for it before arraignment, and by a special demurrer. The demurrer so filed was well taken, and the court erred in overruling it. See *Atkins* v. *State*, 103 *Ga.* 6, and cit.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*