18955. MARTIN *v.* THE STATE.

DECIDED JULY 13, 1928.

*R. D. Feagin, W. E. Bartlett,* for plaintiff in error.
*Roy W. Moore, solicitor,* contra.

LUKE, J. N. R. Martin was convicted in the city court of Macon on an accusation charging that he "did then and there unlawfully indulge in and do a notorious act of public indecency tending to debauch the morals, by taking pictures of Mrs. N. R. Martin, Madge Lewis, and another whose name is unknown, females naked limbs and private parts, on or near a public street and highway, known

as Ocmulgee street and Second street, in the City of Macon, and at a place where the said act of indecency could have been seen by more than one person," etc. The defendant demurred to the accusation, upon the following grounds: (1) No crime was charged. (2) No specific female was named as the one of whose limbs and private parts pictures were taken. (3) It was not alleged with sufficient particularity where the alleged crime was committed. (4) It was not charged that the defendant persuaded or compelled the alleged female to pose for the pictures. (5) "There is no law of Georgia making it an offense merely to make a picture of the naked limbs and private parts of a female, without more, unless said pictures were developed and exhibited, and this is not alleged." (6). "The word 'posing' is too indefinite and vague to charge any crime," and 'posing' pictures is contradictory to the charge of making pictures. The court overruled the demurrer, and by agreement the case was tried before the judge without a jury. In substance the evidence was as follows: On the day alleged in the accusation an officer of the city of Macon was called to go to the corner of Ocmulgee and Second streets. When he arrived there he saw Mrs. N. R. Martin and the other accused persons lying on a bank on the side of Ocmulgee street, where they could have been seen by more than one person. Mrs. Martin had her dress up and was exposing her private parts, and the others had their dresses up, exposing their limbs, and the defendant was standing over them with a kodak, taking a picture of the females. The officer arrested the defendant and took the kodak from him, and took the undeveloped films out of the kodak, and another role of films from the pocket of the defendant. The officer had the films developed, and one of them was the identical picture which he saw the defendant take of the females. All the developed pictures were introduced in evidence, and they show that the defendant had taken other exposures of the females than the ones the officer actually saw snapped, and that they were taken at the same place, and were reproductions of the private parts of Mrs. Martin and the naked limbs of the other females. The motion for a new trial contained the usual general grounds, and the special ground that the admission of such pictures in evidence, over objection, was a violation of the constitutional provision that "No person shall be compelled to give testimony tending in any manner to criminate himself."

394

■ All participating in misdemeanors are guilty as principals; and the allegation that the defendant was taking pictures of the naked limbs and private parts of Mrs. N. R. Martin, Madge Lewis, and another, on a named public street and highway in the City of Macon, at a place where the act could be seen by more than one person, is certainly a sufficient charge that he was participating in the act of public indecency. The word "posing" does not appear in the accusation, and the demurrer in that regard is "speaking." The accusation was sufficiently definite as to the names of the females and the place where the crime was committed, and the demurrer was properly overruled.

■ Conceding, but not deciding, that the court erred in admitting in evidence the pictures of which complaint is made in the motion for a new trial, this would not require a reversal of the judgment. The defendant did not make a statement denying the charge, and the undisputed evidence shows that the defendant was taking a picture of the private parts of his wife on the side of a public street where it could be seen by more than one person; and this act alone constituted a notorious act of public indecency, even if the pictures had never been introduced in evidence and even if they had never been developed. The officer swore that he "saw Mrs. Martin holding up her dress" and the defendant "in the act of snapping the picture" and that "they could be seen by more than one person." "What is decent and what is indecent are determined by the sensibilities and moral standards of a people, as evolved from generation to generation along with their civilization." "When, by general consensus of the people and practical unanimity of public opinion, an act tending to debauch the morals is understood to be offensive to the common instincts of decency if done under particular circumstances, *that act* when so done is, in contemplation of law, a notorious act of indecency." (Italics ours.) *Redd* v. *State*, 7 *Ga. App.* 576 (2, 4) (67 S. E. 709). It might reasonably be presumed that the defendant had no earthly reason for making the films if he did not intend to have them developed, and the only reason he did not have them developed was because of the intervention of the officer. Had he developed the films or had them developed, it might have aggravated his crime, if possible; but without regard to the admission of the pictures in evidence and the development of the films, the act theretofore committed by the

woman and the defendant, both participating, was shockingly obscene, and notorious public and indecent conduct. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*