## 28805. WYNNE v. THE STATE.

DECIDED JUNE 24, 1941.

*Lewis A. Mills,* for plaintiff in error.

*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

BROYLES, C. J. The defendant was tried on an accusation which charged that in the County of Chatham and State of Georgia, on April 29, 1940, he "did unlawfully commit a notorious act of public indecency, to wit, did expose his penis to view at a time and place where it might have been seen by more than one person, and was in fact seen by" two persons (whose names were given in the accusation). He was convicted, his motion for new trial was denied and that judgment is assigned as error.

The evidence authorized a finding that the defendant committed a grossly indecent act in a public place, and that the act was seen by one of the persons named in the accusation as having seen it. However, the other person so named as having seen it did not testify in the case, and no evidence was introduced that authorized a finding that the indecent act was seen by any other person, or that it was committed in a place where some other person was in a position to have seen it if he had looked. Therefore the indecent act was not "a notorious act of public indecency," within the meaning of Code, § 26-6101. *Lockhart* v. *State,* 116 *Ga.* 557 (42 S. E. 787); *Morris* v. *State,* 109 *Ga.* 351 (34 S. E. 577). In the *Lockhart* case, the court said: "But no matter where the place, it is absolutely essential, not that more than one person shall have actually seen the exposure, but that more than one person was in a position where it would have been possible for them to have seen it." It follows that the defendant's conviction was unauthorized by the evidence, and that the refusal to grant a new trial was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*