## 35835.   PIERCY *v.* THE STATE.

DECIDED SEPTEMBER 20, 1955.

*Douglas C. Lauderdale, Jr., Osgood O. Williams,* for plaintiff in error.

*Richard Bell, Solicitor, E. T. Hendon,* contra.

CARLISLE, J. ■ "There are in this State no offenses in force by reason of the common law; in a sense all our crimes and misdemeanors are statutory; yet we have by statute given recognition to many offenses which were known to the common law and which have not been defined otherwise than by use of the general terms anciently used to describe them; and in such cases we look to the common law for more specific definition." *Redd* v. *State,* 7 *Ga. App.* 575, 577 (67 S. E. 709). The offenses of open lewdness and notorious acts of public indecency tending to debauch the morals come within that class. Those offenses have been made statutory, but are a part of our heritage from the common law, and it is the common law to which our courts have looked in defining notorious acts of public indecency. *Morris* v. *State,* 109 *Ga.* 351 (34 S. E. 577); *Lockhart* v. *State,* 116 *Ga.* 57 (42 S. E. 787); *Martin* v. *State,* 38 *Ga. App.* 392 (144 S. E. 36); *Wynne* v. *State,* 65 *Ga. App.* 213 (15 S. E. 2d 623). We find no case in Georgia specifically defining the offense of "open lewdness." Lewdness has been defined as being the irregular indulgence of lust, and at common law it was considered as only a specialized class of public indecency; that is to say, the offense of lewdness was an indecency referrable especially to sexual matters, and it included any gross indecency which was sufficiently open and notorious as to tend to corrupt the morals of the community. 53 C. J. S. 5, § 2a; Johnson *v.* Commonwealth, 152 Va. 965 (146 S. E. 289), and citations. Save for the sexual aspect of lewdness, the ingredients of the offenses of "open lewdness" and a "notorious act of public indecency" are the same.

"To constitute an act a 'notorious act of public indecency tending to debauch the morals,' as stated in Code § 26-6101, the act must be committed in a public place, and where two or more persons saw it or were in a position to have seen it if they had looked. Where the act was seen by only one person, and no other person was in a position to have seen it if he had looked, the act was not a violation of the Code section cited." *Wynne* v. *State,* supra, and citations. The same rule is applicable to the offense of open lewdness; and under an application of that rule, the evi-

dence in the present case did not authorize the verdict finding the defendant guilty as charged.

The accusation charged that the defendant on a date named "did commit the offense of open lewdness and did commit an act of public indecency consisting of the exposure of his private parts in a public place, where he and the said exposure of his private parts might have been seen by many persons, and where he was in fact seen by one or more persons. . ." While there was evidence from which the jury was authorized to find that the defendant did expose his sexual organs to the prosecutor in one of the public parks, there is no evidence that any other person saw the exposure or was in a position to have seen the exposure had he or she looked. There is, consequently, a fatal variance between the allegata and probata and a new trial must be granted on the general grounds.

The special grounds of the motion for a new trial are not now considered, as the errors there assigned are such as are not likely to recur on another trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*