38227. REDDISH *v.* THE STATE.

DECIDED MAY 17, 1960—REHEARING DENIED JUNE 6, 1960.

*Vester M. Ownby, R. P. Johnston,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Hinson McAuliffe, Eugene L. Tiller,* contra.

FRANKUM, Judge. ■ The defendant specially demurred to the accusation on the ground that there was no allegation as to the time the offense was committed and on the ground that the accusation was vague, indefinite, inconsistent, incomplete and uncertain. The demurrer as to time is without merit. *Robinson* v. *State,* 27 *Ga. App.* 770 (109 S. E. 922); *Chambers* v. *State,* 85 *Ga.* 220 (11 S. E. 653). The accusation was framed in the language of the Code. It sufficiently alleges and describes the nature of the crime so that the charge may be understood by the jury. Code § 27-701.

■ Demurrers 3 and 5 were directed to the absence of an allegation of time and place in the accusation as follows: "The accusation fails to allege, as required by law, the time and place which are material and transversely facts necessary therein to commend said accusation to the court. . . There is no state-

ment of place and both [time and place] are essential to the preparation and trial of the case on behalf of the defendant." As stated before, the date of the accusation need only allege the date within the statute of limitations. The accusation alleges the place as Fulton County. Ordinarily an accusation is sufficient if the offense is stated to have been commited in the county where it is prosecuted. *Pines* v. *State*, 15 *Ga. App.* 348 (83 S. E. 198). The defendant argues in his brief that the accusation should allege the offense at a particular locale, a public place. However, the demurrer does not reach the question of whether a public place should be alleged. The demurrer complains that no place was alleged in the accusation, when it affirmatively appears that Fulton County was alleged as the place of the offense. Consequently, the trial court did not err in overruling this demurrer.

■ The defendant's assignment of error on the judge's failing to define "reasonable doubt" in his charge is without merit. There was no written request for such a charge. *Elder* v. *State*, 143 *Ga.* 383 (85 S. E. 197).

■ The defendant complained that the trial judge erroneously admitted in evidence a signed statement purporting to be a confession by the defendant, the basis of this contention being that the statement was not freely and voluntarily given. However, the two arresting officers witnessed the statement and properly identified it. They testified unequivocally that the statement was freely given, and with this prima facie showing, the trial court properly admitted the confession for the jury's consideration. *Bryant* v. *State*, 191 *Ga.* 686 (13 S. E. 2d 820); *Coker* v. *State*, 199 *Ga.* 20 (33 S. E. 2d 171).

■ The defendant complains that the verdict of the jury was contrary to law and without evidence to support it. There was ample evidence to authorize the jury's verdict. A witness for the State identified the defendant as the one who exposed himself on a public street where she was driving two children to a swimming pool. She also described the defendant's truck. The confession of the defendant was introduced by the State. While there was sharp conflict in the evidence as to whether the confession was freely given and as to whether the State's

witnesses had recognized the defendant at the committment hearing, the jury settled the issues of facts contrary to the defendant's contentions and preferred the testimony of the State's witnesses. A verdict of the jury will not be set aside on the ground that it is without evidence to support it if there is any evidence to support the verdict. *Bush* v. *Fourcher*, 3 *Ga. App.* 43 (59 S. E. 459). There was sufficient evidence to authorize the conviction.

*Judgment affirmed. Gardner, P. J., Carlisle and Bell, JJ., concur. Felton, C. J., Townsend and Nichols, JJ., dissent.*

TOWNSEND, Judge, dissenting. The accusation reads as follows: "That the said Fred W. Reddish in said County of Fulton, on the 28th day of August, 1957, did commit an act of notorious public indecency, tending to debauch the morals, in that he did expose the private parts of his person at a time when, and a place where, the said act was seen by Mrs. Edward Servell, and could have been seen by others, and the said Fred W. Reddish well knew at the time that he committed said act that it was public, notorious and indecent."

Code § 26-6101 makes it a misdemeanor to be guilty of "any notorious act of public indecency tending to debauch the morals." To constitute the crime the act *must be committed in a public place, and* where two or more persons saw it or were in a position to have seen it if they had looked." (Emphasis added). *Wynne* v. *State*, 65 *Ga. App.* 213 (15 S. E. 2d 623); *Piercy* v. *State*, 92 *Ga. App.* 599 (89 S. E. 2d 554). In *Lockhart* v. *State*, 116 *Ga.* 557 (42 S. E. 787), it was held: "It is at least necessary that it should be at a place that is for the time being open to a portion of the public as distinguished from a private room or dwelling which at the time is occupied by the inmates only."

While generally an indictment or accusation is sufficient as to place if it alleges that the venue of the offense is within the county, yet, if the offense can be committed only in a certain class of places, then it becomes necessary to allege the place of the offense so as to bring it within those places proscribed by statute, since otherwise no crime has been committed. For example, Code § 58-608 makes public drunkenness an offense, the

place where the offense is committed being material thereto, and one could neither be indicted nor convicted for drunkenness committed elsewhere. " 'The place where the drunken condition exists is no less essential to the offense. . . . than the condition itself, drunkenness becoming an indictable offense only when the drunken person appears at some one or more of the places specified in the statute. *Burkes* v. *State,* 7 *Ga. App.* 39 (65 S. E. 1091); *Hutchinson* v. *State,* 8 *Ga. App.* 684 (2) (70 S. E. 63); *James* v. *State,* 28 *Ga. App.* 713 (113 S. E. 26).' *Thomas* v. *State,* 33 *Ga. App.* 134 (135 S. E. 778)." *Laboon* v. *State,* 84 *Ga. App.* 784 (1) (67 S. E. 2d 149). Where the indictment fails to specify the place except by the general terms of the statute, it is too vague and indefinite to enable the accused to prepare for his defense. *Burkes* v. *State,* 7 *Ga. App.* 39, supra.

This indictment not only fails to allege specifically the place where the act occurred and that it was a public place; it fails to allege even generally that it occurred in a public place, except by the general statement that the defendant knew the act to be public, notorious and indecent. This is, of course, no allegation of place or that the State charges the place was a public place. Where, before trial, the accusation is attacked by special demurrer, the defendant is entitled to be tried on an indictment perfect in form as to the essential elements of time and place. *Adkins* v. *State,* 103 *Ga.* 5 (29 S. E. 432); *Bailey* v. *State,* 65 *Ga.* 410. As stated in the *Burkes* case, supra, where the place is of this character, so as to be a necessary ingredient of the offense, and the indictment does not so allege, a demurrer on the ground that the indictment "fails to apprise defendant with sufficient definiteness to enable him to prepare for trial as to what public street or highway he is charged with having appeared" is a good demurrer because the indictment "is too vague and indefinite to enable the accused to prepare for his defense." This indictment points its finger at the very question by the statement that "there is no statement of place, and both [time and place] are essential to the preparation and trial of the case on behalf of the defendant." Granting that the words used differ somewhat from those in the *Burkes* case, the

meaning is the same. The defendant says that for him to prepare his case, that is, his defense, he must know the place where he is charged with having committed the crime; that the place is essential, and that there is no statement of place in the accusation. All this is true, and it raises for determination the question of whether the State in this particular case must allege the place where the offense was committed. It is accordingly my opinion that the demurrer is sufficient to raise the question for consideration by this court as to whether the State has alleged *a place* where the crime was committed sufficiently to enable the defendant to prepare his defense. If any place within the county would be sufficient, then the State has alleged *a place*. If, however, as I have endeavored to show, the State cannot allege a crime without alleging *a place* which is a public place within the meaning of the *Wynne* and *Piercy* cases, then the State has not alleged *a place* and the demurrer pointing out this defect is good.

I am authorized to say that Felton, C. J., and Nichols, J., concur in this dissent.