### 39171. AUSTIN v. THE STATE.

NICHOLS, Presiding Judge. 1. "There is no provision of law for the court in the trial of a criminal case to entertain a motion for a judgment of not guilty notwithstanding a verdict of guilty." *Wilson v. State,* 215 Ga. 775 (113 SE2d 607).

2. "That the judge, during the trial of a misdeameanor case, and while the evidence was being submitted, in the presence of and without objection from counsel for the accused, allowed the jury to disburse during a night recess, is not, after a verdict of guilty, cause for a new trial, when there is no evidence of any attempt to influence the jury, or of any improper conduct on their part. [Citing cases]." *Bowdoin v. State,* 113 Ga. 1150 (1) (39 SE 478). Accordingly, in the present case where the amended motion for new trial does not disclose the absence of the accused or his counsel at the time the jury was disbursed during the recess, merely concluding that no opportunity to object was given, no motion for a mistrial or any other objection having been made, until after the unfavorable verdict was rendered, no cause for a new trial is shown where no improper conduct on the part of the jurors or others is shown.

3. "On the trial of a misdemeanor, the case may be made out

by proof that the accused committed the act which constitutes the offense charged at any time within two years previous to the return of the indictment. *Reynolds v. State,* 114 Ga. 265 (40 SE 234)." *Bell v. State,* 85 Ga. App. 242, 244 (68 SE2d 925). See also *Daniel v. State,* 59 Ga. App. 884 (2 SE2d 519). Accordingly, the charge complained of in special ground 2 was not error.

4. The evidence authorized a finding that the defendant exposed his private parts on three separate occasions at public places (public streets in the City of Cedartown) where one witness saw such indecent exposure and where other persons could have seen the same, and therefore authorized the verdict. See *Martin v. State,* 38 Ga. App. 392 (144 SE 36). The cases of *Wynne v. State,* 65 Ga. App. 213 (15 SE2d 623), and *Piercy v. State,* 92 Ga. App. 599 (89 SE2d 554), involved situations wherein the evidence disclosed that there was only one person who could have seen the alleged indecent acts. Accordingly the usual general grounds of the motion for new trial are without merit.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED NOVEMBER 16, 1961.

*Murphy & Murphy, Thomas B. Murphy,* for plaintiff in error. *Wayne W. Gammon, Solicitor,* contra.