## 23205. CHADWICK v. THE STATE.

SUBMITTED NOVEMBER 9, 1965—DECIDED DECEMBER 6, 1965.

576

*James M. Barnes, L. Hugh Kemp,* for appellant.

*Robert L. Vining, Jr., Solicitor General, Arthur K. Bolton, Attorney General, Rubye G. Jackson, Assistant Attorney General,* for appellee.

QUILLIAN, Justice. 1. The first assignment of error complains that the defendant's motion for continuance was overruled. The motion was made upon the ground that appointed counsel did not have time to adequately prepare the defense, and the appellant relies upon *Saylor v. State,* 183 Ga. 440 (188 SE 514), a four-Justice opinion. The case cited is factually different from the case we now consider. In the *Saylor* case the defendant was an escapee from the State insane asylum and time was needed to procure records of that institution and other evidence touching his sanity. In the present case the application discloses the defendant had, at some undisclosed time in the past, been sent to the State Hospital for observation and was, according to his own statement, informed by a Dr. Chance that he was on the verge of insanity and that when

he had alcoholic beverages of any kind, he was temporarily insane.

The motion further shows the defendant was voluntarily intoxicated to some extent when he committed the robbery with which he was charged. In view of these facts the testimony of Dr. Chance would have been of no benefit to him. The motion further alleges the attorneys appointed some seven days before the trial did not have time on account of the press of other business to prepare the law and ascertain the facts of the case. This allegation was disproved, because the preparation of the law of the case was thorough and exhaustive, and the defendant's own statement furnished conclusive proof of his guilt, without showing any reason for its commission except voluntary drunkenness on his part. See in this connection several cases, *McCook v. State*, 91 Ga. 740 (17 SE 1019); *Mullins v. State*, 213 Ga. 331 (3) (99 SE2d 117); *Edmonds v. State*, 201 Ga. 108, 123 (39 SE2d 24); *Code* § 26-403.

2. The second assignment of error is that the trial judge denied the defendant's motion praying that the court appoint a psychiatrist to examine the defendant. Before the motion was passed upon, a plea of insanity previously filed by the defendant was dismissed. The motion disclosed the defendant's mental poise was not questioned except when he was under the influence of intoxicating beverages; that on the occasion of the robbery he had voluntarily consumed a considerable amount of alcohol, although aware that it might affect his reason.

The assignment of error is not meritorious.

3. The third assignment of error is that the trial judge, without request of counsel, should have heard evidence and passed upon the voluntariness of the defendant's confession, before the confession was submitted to the jury. There was no objection made to the confession being passed upon by the jury, no intimation that it was not voluntary, and the defendant in his own statement to the jury made a plenary confession of his guilt, giving as his only excuse for having committed the crime that he was at the time under the influence of intoxicating liquors, voluntarily consumed by him. The undisputed evidence submitted upon the trial of the case authorized a verdict

of guilty. This court in the recent case of *Britten v. State,* 221 Ga. 97, 105 (143 SE2d 176), held: "Since the defendant, in answer to questions propounded to him by one of his attorneys after he had concluded his statement to the jury, admitted that the oral statement and the written admission which he had made to officers Knox and Featherston were freely and voluntarily made, we hold that the trial judge did not err, as contended, in allowing them in evidence; and this is especially true since the court in its charge instructed the jury that it could consider the oral statement and the written admission only if it found that they were freely and voluntarily made by the accused. In the circumstances of this case a ruling different from the one here made is not required by the majority decisions of the Supreme Court of the United States in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), and Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977), since the facts in those cases are materially different from those of the case presently before us for decision. Here, unlike the facts in those cases, the defendant in response to questions propounded to him by one of his attorneys after he had concluded his statement to the jury, freely and voluntarily admitted his involvement in a robbery during the commission of which the homicide of McBride occurred."

4. The fourth assignment of error is that the trial court "erred in admitting the testimony of the G. B. I. agent on the confession of the appellant over counsel's objections that the proper foundation for the admission of the confession had not been laid and that the solicitor general's questions on this critical point were leading." We have carefully considered the testimony in question. The question as originally propounded by the solicitor was leading, an objection was interposed and sustained, thereafter the solicitor rephrased the question and it was not then leading. The proper foundation for the confession was laid. However, the defendant himself corroborated the agent's testimony in making his statement to the jury and relied as a defense solely upon the assertion that he was not mentally responsible when under the influence of intoxicating liquors.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*