## 49887. RUSHING v. THE STATE.

STOLZ, Judge.

The appellant was convicted of violating Code Ann. § 26-2011 (d) (Ga. L. 1968, pp. 1249, 1301) (Public indecency) in that she performed "a lewd caress or indecent fondling of the body of another person." The evidence showed that the other person involved was an "undercover" police officer, that the appellant was an employee of the Oriental Massage Parlor, and that the lewd caress or indecent fondling consisted of a massage of the police officer's sexual organ to the point of ejaculation while at the appellant's place of business.

The premises in question consisted of a reception room, behind which were four cubicles in which massages were given. The doorway leading from the reception room into the area in which the cubicles were located had beads hung from the door frame to near the floor — there was no door. Behind the beaded doorway a hall connected the cubicles with the reception room. Each of the cubicles had a door opening from the hall. The officer testified that the door to the cubicle in use at the time in question was open at all times. The wall along the hall lacked approximately eighteen inches of reaching the ceiling. The other cubicle walls reached the ceiling. There were no windows in the cubicles. The lighting in the premises was described as very dim, as if done by a blue or black light.

The defendant did not testify or offer any testimony in opposition to the state's evidence by the officer

substantiating the allegations of the indictment.

1. The central issue on this appeal is whether the act alleged in the indictment was performed in a "public place." Such is defined in Code Ann. § 26-401 (m) (Ga. L. 1968, pp. 1249, 1263; 1970, pp. 236, 237) as "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household." Thus, what constitutes a "public place" within the meaning of our statute, is a question of fact which must be proved or disproved by the evidence in each case.

While we doubt that innocent children or little old ladies are likely to wander into a place of this type — and particularly into the back area, it can be effectively argued that, if the door to a cubicle was open, that which was taking place therein might "reasonably be expected to be viewed by people other than members of the actor's family or household" where the evidence showed that the establishment had more than one employee and facilities to "massage" more than one customer at a time.

Cases construing factual situations based on former statutes have no application, nor do those applying the common law rules or definition of a "public place," for here we must apply the definition given us by statute. Thus, a question of fact was presented for resolution by the jury. We cannot say that, as a matter of law, the jury's conclusion was erroneous. Enumerations of error 1, 2 and 3 are without merit.

2. Subsequent to the appellant's arrest, law enforcement officers went to the massage parlor with a professional photographer, who took several pictures of the interior of the premises, which were admitted in evidence during the trial of the case. Complaint is made that there was no search warrant authorizing the taking of pictures. The premises in question were described in detail, without objection, throughout the trial. The photographs admitted in evidence merely depict that which was orally described to the jury. Conceding, but not deciding, that such was improper, there is no harmful, reversible error shown. See *Elliott v. Ga. Power Co.*, 58 Ga. App. 151, 158 (197 SE 914); *McArthur v. Roadway Express, Inc.*, 109 Ga. App. 30 (1) (135 SE2d 67). The

fourth enumerated error is without merit.

For reasons set forth in Division 1 of this opinion, the trial judge did not err in refusing to give the appellant's second request to charge.

3. The defendant enumerates as error the trial judge's charging on the law of entrapment without a request, contending that same was neither pleaded by the defendant nor authorized by the evidence.

The charge on entrapment here does not assume that the defendant is guilty, but only instructs the jury, if they find the act was in fact committed (which they might well do under the testimony) to consider whether this defense exists. Furthermore, there was some evidence elicited under cross examination to support the charge. It was not entirely inapplicable. If there is any evidence, even though very slight and consisting only of inferences drawn from the testimony, judgment should be affirmed. *Harper v. Hall,* 76 Ga. App. 441 (2) (46 SE2d 201).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED DECEMBER 2, 1974.

*Richard M. Nichols,* for appellant.
*Austin J. Kemp, II, Solicitor,* for appellee.