## 52079. WHITE v. THE STATE.

CLARK, Judge.

Defendant appeals his conviction of two counts of public indecency. Code § 26-2011 (1968 Ga. L. 1249, 1301). Enumerated as error are the general grounds and the denial of defendant's motion for a directed verdict of acquittal. *Held:*

In attacking the judgment, defendant relies upon the holdings in *Wynne v. State,* 65 Ga. App. 213 (15 SE2d 623) and *Piercy v. State,* 92 Ga. App. 599 (89 SE2d 554). These cases held that a conviction under our former public indecency statute (Code § 26-6101) is not warranted unless the act was committed in a public place where two or more persons saw it or were in a position to have seen it had they looked. Defendant argues that the state's failure to prove this element of the offense requires a reversal of both counts.

The above-stated limitation is not applicable, however, to prosecutions under our present public indecency statute (Code § 26-2011). "Cases construing factual situations based on former statutes have no

application, nor do those applying the common law rules or definition of a 'public place,' for here we must apply the definition given us by statute." *Rushing v. State,* 133 Ga. App. 434, 435 (211 SE2d 389). Accordingly, we have held that a "public place" within the meaning of our present public indecency statute is, as defined in Code § 26-401 (m), "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household." *Key v. State,* 131 Ga. App. 126 (205 SE2d 510); *Rushing v. State,* supra. These cases further held that the determination of whether the act was committed in a public place is a question for the jury.

The two acts committed by defendant both took place in the parking lot of a shopping mall—one while he was in his car and the other while he was standing near his vehicle. The jury could properly have concluded, from the circumstances surrounding the two incidents, that the prohibited acts were performed in a public place.

There being sufficient evidence to support the verdict, the trial judge did not err in overruling defendant's motion for a directed verdict of acquittal and denying a new trial.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED APRIL 6, 1976 — DECIDED APRIL 23, 1976.

*G. Hughel Harrison,* for appellant.
*Bryant Huff, District Attorney,* for appellee.