## 65032. McGEE v. THE STATE.

Pope, Judge.

Defendant Michael A. McGee was tried upon accusations of pandering, public indecency and simple assault. He was found guilty on all three charges and the trial court sentenced him to three consecutive sentences of twelve months each, to serve three months with the rest probated. Defendant was also fined a total of $900.00 and ordered to undergo psychiatric treatment at his own expense.

This is a rather bizarre case. Defendant met the victim, a female medical student, two days before the commission of the offenses. They engaged in friendly conversation and he obtained her telephone number. Defendant called her the next day and, during the course of the conversation, he asked her if she would be interested in doing some modeling. She expressed some interest and they discussed meeting at his office.

When the victim returned to her apartment from class the following day, defendant was waiting outside. He gave a reasonable explanation for being there and she invited him in. They initially talked about modeling and defendant asked her to pose for him, to show him her bare midriff and to show him her bra and breasts. She declined the latter. Defendant interjected personal topics into the conversation several times, one being his fantasy to masturbate in front of women. Each time the victim sought to steer the conversation back to more appropriate topics. During the conversation defendant told the victim he could arrange for her to make some money performing "sexual acts" and he tried to persuade her to accept the offer. She declined.

Defendant again raised the subject of masturbation, this time telling her he wanted to do it in front of her. She told him to leave the apartment. He then became agitated and insistent and she became apprehensive that he would harm her if she did not acquiesce. She then told him to do what he needed to do and get out. Defendant then exposed himself, masturbated in front of her and left when he had finished.

· 1. Defendant's first contention is that he is not guilty of pandering because he did not solicit the woman to "perform an act of prostitution" (Code Ann. § 26-2016 (now OCGA § 16-6-12)); that is, he did not solicit the victim to perform "an act of sexual intercourse for money." Code Ann. § 26-2012 (now OCGA § 16-6-9). His argument is that the pandering statute prohibits solicitation of a female to perform sexual intercourse specifically, not "sexual acts" generally. He offers the case of *Crawford v. State,* 154 Ga. App. 362 (1) (268 SE2d 414) (1980), as supporting authority. In that case the court

correctly treated an offer to perform both oral sodomy and an act of prostitution as separate offenses.

It is certainly true that the law treats solicitation of prostitution (pandering) and solicitation of sodomy separately. See Code Ann. §§ 26-2016 and 26-2003 (the latter now OCGA § 16-6-15). However, we do not have a situation here where a defendant solicited one type of sex act and was charged and convicted of soliciting another type of sex act. Defendant here solicited the victim to perform "sexual acts." We see no reason to conclude that "sexual acts" does not include "sexual intercourse," unless the speaker expressly limits the term to exclude it, which defendant did not do. We therefore find no error in defendant's conviction of pandering in this case.

2. Defendant's second contention is that, because his lewd exposure of his sexual organs occurred in the privacy of the victim's apartment, he cannot be guilty of public indecency, Code Ann § 26-2011 (now OCGA § 16-6-8). In order for a person to be guilty of public indecency it is necessary that the indecent exposure occur in a public place. "Public place" is defined as "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household." Code Ann. § 26-401(m) (now OCGA § 16-1-3 (15)).

Defendant stresses the plural word "people" and cites us the cases of *Lockhart v. State,* 116 Ga. 557 (42 SE 787) (1902), and *Morris v. State,* 109 Ga. 351 (34 SE 577) (1899), which hold that the crime of public indecency requires the act be committed at a place where it might be seen by more than one person. The state contends, and we agree, that these cases are not controlling because they construed the public indecency statute prior to its presently amended form. *White v. State,* 138 Ga. App. 470 (226 SE2d 296) (1976); *Rushing v. State,* 133 Ga. App. 434 (1) (211 SE2d 389) (1974). The use of the word "people" rather than "a person" in Code Ann. § 26-401(m) is immaterial because under Code Ann. § 102-102(4) (now OCGA § 1-3-1(d)(6)) the section is required to be read as providing for the singular as well as the plural.

In the context of this case, the victim's apartment would have been a "public place" as to the defendant if it were such a place where the lewd exposure might reasonably have been expected to have been viewed by a person or persons *other than* a member or members of the defendant's family or household. See Code Ann. § 26-401(m). There is no doubt under the evidence that the victim was not a member of defendant's family or household and that defendant's conduct was more than reasonably expected to be viewed by her. We hold, therefore, that the victim's apartment was a "public place" as to this defendant under Code Ann. § 26-401(m). It follows that defendant

was properly tried for and, under the facts, convicted of public indecency under Code Ann. § 26-2011.

3. Defendant contends further that his conduct did not constitute simple assault. He argues that the evidence did not support a finding that he placed the victim "in reasonable apprehension of immediately receiving a violent injury" (Code Ann. § 26-1301 (now OCGA § 16-5-20)), stressing the word "immediately" and, to a lesser degree, the words "violent injury." We disagree. Although the victim testified that she feared what defendant might have done had she not acquiesced to his desires, she also testified that his agitated manner both just before and during his masturbation made her feel that she was in tremendous danger. We hold that this evidence, taken together with all the circumstances, was sufficient to enable any rational trier of fact to find defendant guilty of simple assault beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Defendant also contends that the trial court erred in allowing the testimony of a woman to whom he had made improper advances several months after he had committed the offenses for which he was charged. In the subsequent incident defendant was in the woman's home to do some repair work and he attempted to engage her in unusually personal conversation. At one point, after commenting on the firmness of her breasts, he asked if he could feel them. We hold that evidence of this subsequent incident was sufficiently similar to be admissible to show defendant's bent of mind. See *Ables v. State,* 156 Ga. App. 678 (1) (275 SE2d 750) (1980).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 14, 1983.

Richard Johnson, for appellant.

Hinson McAuliffe, Solicitor, Thomas Weathers, Deborah S. Greene, Assistant Solicitors, for appellee.