# FOURTH DIVISION
## DOYLE, P. J.,
## ANDREWS, P. J., and BOGGS, J.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**March 22, 2013**

# In the Court of Appeals of Georgia

A12A1990. ALLISON v. THE STATE.

ANDREWS, Presiding Judge.

Barry K. Allison appeals following the grant of his application for discretionary review of the trial court's order revoking his probation and ordering him to serve 15 years. According to Allison, the court erred in sentencing him on more than one felony offense under OCGA § 42-8-34.1. After reviewing the record, we affirm.

The record shows that in 2003, Allison pled guilty to four counts of aggravated assault and was sentenced to thirty years, with six to serve in jail and the balance on probation. In January 2012, Allison was charged with violating his probation by committing five new offenses over approximately eight months: three separate felony theft by taking offenses, one offense of second degree criminal damage to property, and one misdemeanor charge of theft by receiving. According to Allison, he entered

an *Alford* plea to the charges. Based upon this plea, the trial court revoked 15 years of Allison's probation. Allison objected to the amount, arguing that under OCGA § 42-8-34.1 (d), the court was limited to revoking the lesser of the balance of his probation or the maximum penalty for a felony offense, which in this case would be ten years for one felony theft by taking offense. See OCGA § 16-8-12 (a). The trial court then clarified its order, stating that it was revoking ten years as to the first violation for theft by taking and five years consecutive on the remaining counts. Allison appeals, arguing that nothing in OCGA § 42-8-34.1 (d) permits the court to sentence him for multiple crimes in connection with probation revocation.

OCGA § 42-8-34.1 (d) provides that "[i]f the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the commission of a felony offense, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the felony offense constituting the violation of the probation."

Here, the statute refers to a single felony offense to be considered for purposes of determining how much of the probated sentence may be revoked. But OCGA § 1-3-1, Construction of Statutes, provides in pertinent part:

d) In addition to the rules for construction prescribed in subsections (a) through (c) of this Code section, the rules provided in this subsection shall govern the construction of all statutes with respect to the subjects enumerated.

(6) Number. The singular or plural number each includes the other, unless the other is expressly excluded.

This rule of construction has been used in criminal cases. See, e.g., *McGee v. State*, 165 Ga. App. 423, 424 (299 SE2d 573) (1983) (use of the word "people" rather than "a person" in Code Ann. § 26–401 (m) is immaterial because under Code Ann. § 102–102 (4) (now OCGA § 1–3–1 (d) (6)) the section is required to be read as providing for the singular as well as the plural).

Further, we do not believe it was the intent of the legislature to prevent the trial court from revoking cumulative portions of a lengthy term of probation consistent with multiple offenses committed by the probationer. Therefore, there being no authority to the contrary, we conclude that the trial court did not err in using multiple offenses when determining the amount of Allison's probation to be revoked.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*