WALTER ABBOTT *v.* THE STATE.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

STEWART & TAYLOR, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Abbott has appealed from a conviction for misdemeanor.

The indictment charges common-law lewdness, in that Abbott placed certain articles, suggestive of sexual intercourse, upon a Christmas tree, addressed to a young woman, "publicly, scandalously, wickedly and corruptly, to the manifest corruption of the public morals, and to the evil example of all others in like cases offending."

The argument of plaintiff in error that this indictment charges no indictable offense overlooks the early decisions of this court on the subject. After discussing pertinent sections of Blackstone, the court, in *Grisham* v. *State*, 10 Tenn. (2 Yerg.), 588, 596, said:

"Thus we find the common law, independent of any statutes, is the guardian of the morals of the people, takes cognizance of offenses against good manners. . . . The result of this view of the law is that acts or conduct notoriously against public decency and good manners constitute an offense at common law."

█ And with regard to the element of notoriety necessary to constitute the offense, the court continued: "Now, what is the gist of the above prosecutions? It is this, that the act or acts, or particular conduct charged, be notorious and against good manners, not that they should have been committed in the public streets, or elsewhere exposed to the view of divers spectators; such an exhibition as this is not necessary to satisfy the term notorious and portray its character and import. The requisition of the term notorious, or notoriously, in the constitution of an offense of the nature spoken of, is sufficiently answered if the act is done in such a manner, or under such circumstances, as necessarily to become public or generally known to the neighborhood."

The definition of lewdness given by Blackstone is that it may be committed "either by frequenting houses of ill fame," or "by some grossly scandalous and public indecency." 4 Bl. 64.

In *Britain* v. *State*, 22 Tenn. (3 Humph.), 203, the accused was found guilty of this offense, for permitting his slave to go about the country in a state of semi-nakedness.

Of statutes which make open and gross lewdness a crime, without defining what constitutes the crime, the text of Ruling Case Law, vol. 8, p. 347 (Criminal Law, sec. 380), says: "The common sense of the community as well as the sense of decency, propriety and morality, is sufficient to apply those statutes to each particular case

and point out what particular conduct is rendered criminal by them.''

The offense of lewdness at common law ''includes any gross indecency which is sufficiently open and notorious as to tend to corrupt the morals of the community.'' 36 Corpus Juris 1035.

''What is decent or what is indecent is determined by the sensibilities and moral standards of a people, as evolved from generation to generation along with their civilization. What is decent in one period may be indecent in another, and *vice versa*. . . . Whatever openly outrages decency, and is injurious to public morals, is a misdemeanor at common law, and is indictable as such.'' 46 Corpus Juris 854.

The proof is that Abbott attended a Christmas party at a schoolhouse and caused a package containing the specified articles to be placed on the tree, addressed to the young lady named in the indictment. The package was not opened until the following morning, in the young lady's home and in the presence of her father, and she thus escaped public embarrassment, but Abbott told what he had done in a ''crowd'' outside the school building, and was ''laughing about it.''

The fact that the package was not opened in public does not deprive Abbott's conduct of the elements of notoriety and publicity essential to the offense. His conduct was ''done in such a manner, or under such circumstances, as necessarily to become public or generally known in the neighborhood.'' *Grisham* v. *State, supra.* To make certain of this, he accompanied his action with public declarations of what he had done, for the amusement of himself and those present. That his conduct amounted to open and public indecency of gross character, there can be no doubt.

Judgment affirmed.