## 45115. BYOUS v. THE STATE.

DEEN, Judge. 1. The defendant was convicted under *Code* § 26-6101 penalizing "any notorious act of public indecency tending to debauch the morals." He was seen on three occasions, twice by children waiting for the school bus which stopped in front of the defendant's house and again by the

children and a parent of one of them. Each instance occurred in the twilight of an early December morning; the defendant, after apparently looking out to ascertain that children were present, stood in the archway at the rear of an unlighted room silhouetted against the light of the second room, dropped his bathrobe, and fondled his privates. Directly between him and the children the front of the house offered a view through a five-foot picture window. The defendant contends that, if the jury believed the acts to have occurred, the obscenity was nevertheless not within the statute because not "public." We agree that what was observed by the adult after he left the roadside and went on the defendant's premises to get a better view through the window has no probative value and would necessarily be excluded over objection. Rhodes v. City of Little Rock, 243 Ark. 93 (418 SW2d 783). An act is "public," however, when it is committed in a "public place" and members of the public casually passing by would be likely to see it and one or more actually did see it. The exposure must be intentional of course and not merely inadvertent or accidental. If intentionally done for the purpose of being seen by members of the public, then the fact that it is within a private residence and done from behind a window will not remove it from the statutory prohibition. Connecticut v. Sousa, 2 Conn. Cir. 452 (201 A2d 664). In *Morris v. State*, 109 Ga. 351, 353 (34 SE 577) it was said: "We do not mean to hold that this offense cannot be committed elsewhere than in a public road or street, or a place where the public usually resort; but we do hold that the act must be notorious and public, and it can not be so before one person alone." In *Lockhart v. State*, 116 Ga. 557, 558 (42 SE 787) the court held: "It is not absolutely essential that this place should be a public road or street, but it is at least necessary that it should be at a place that is for the time being open to a portion of the public, as distinguished from a private room or dwelling which at the time is occupied by the inmates only." Taken literally, this language supports the contention of the appellant that what one does in the privacy of his own home cannot (as evidenced by the recent case of Stanley v. Georgia, 393 U. S. 819 (89 SC 124, 21 LE2d 90)) be subjected to public scrutiny. The State has no right to remove the walls of a citizen's home behind which he shelters, and an individual who attempts the act is subjected to the penalties of the

Peeping Tom statute. *Code Ann.* § 26-2003. But if the defendant deliberately disregards the protection of his walls and makes use of their windows instead to make such conduct public, his own act and not that of the State deprives him of the protection that otherwise surrounds him. Here the evidence was sufficient to make a jury question on the issue of intent.

2. The trial court at one point asked a witness: "What did you say you saw this man doing as he stood *before* this window?" Counsel objected there was no testimony that the defendant stood before the window and the court replied: "I withdraw the question. Just tell the court what you saw." The evidence being undisputed that the defendant was seen *through* the window, and the question being in fact withdrawn, it was not such an expression of opinion as to what had been proved in the case as to constitute reversible error.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED MARCH 4, 1970—DECIDED APRIL 7, 1970.

*Beck, Goddard, Owen, Squires & Murray, Stephen O. Squires,* for appellant.

*Ben J. Miller, District Attorney,* for appellee.