62697. COLLINS v. THE STATE.

DEEN, Presiding Judge.

Thomas C. Collins brings this appeal following his conviction for public indecency and the denial of his motion for a new trial asserting

the general grounds. *Held:*

1. The evidence showed that the defendant was sunbathing in the nude on his back porch wearing only white socks and black shoes when he was observed by his neighbor's twelve-year-old daughter who was playing with her rabbit in her back yard. She observed his legs sticking off the porch when she first entered the yard and then after she reached the rabbit cage she heard a tapping, looked up and saw him standing up either on the porch or a nearby portion of his yard. (She was unable to determine which because the defendant's automobile was parked near the porch.) She called her parents at work and her father returned home. He summoned a police officer and photographed the defendant who was lying with his legs and buttocks exposed to view from the adjoining yard. After the policeman arrived, he viewed the defendant and called to him and told him to put some clothing on, the defendant stood up, stretched and exposed his entire nude body before going into his house. The girl testified that she had seen the defendant nude on his porch on several previous occasions.

Code Ann. § 26-2011 provides: "A person commits public indecency when he performs any of the following acts in a public place . . . (c) A lewd appearance in a state of partial or complete nudity." A public place is defined in Code Ann. § 26-401 (m) as ". . . any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household." The defendant admitted that he was in the habit of sunbathing on his back porch in the nude or wearing a bikini bathing suit and that he could see into his neighbor's yard from his porch, but that he thought his automobile blocked the view onto his porch. From the evidence presented at trial, it clearly did not. We believe that from this evidence a rational trier of fact could have found the defendant guilty beyond reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

2. The meaning of the word "lewd" contained in the statute must be next addressed. *Black's Law Dictionary,* p. 1052 (4th Ed., 1968) defines it as including "obscene." It signifies that form of immorality which has relation to moral impurity. In Re Tahiti Bar, Inc., 142 A2d 491, 492, 186 Pa. Super. 214, uses word "lewd" as synonym for "obscene" and vice versa.

Appellants urge applicability of two Florida cases. In Chesebrough v. State, (Fla.) 255 S2d 675, 676: "Sexual intercourse between husband and wife in presence of child under 14 years of age for the purpose of demonstrating to such child the method of procreation of the human race was a lewd and lascivious act in violation of statute." One justice dissented in this case stating that

"Had the act not been committed 'all in the family' but out in the open, public view, I would agree it violated the statute." His reason expressed the idea, "They could give their own son mature understanding and instruction in the biological facts of procreation in privacy of their home." Appellant argues that in the case sub judice we do not have sexual copulation, therefore, the acts in evidence don't add up to "lewd." In Duvallon v. State (docket no. 22-303, decided Oct. 1, 1981, by Fla. First Dist. Court of Appeals) (not yet in published reports), a lady in the nude, except for a 44.5″ x 28″ piece of cardboard suspended by a cord around her neck, while picketing in front of the Florida State Capitol was acquitted of lewd exposure of her sexual organs when the arresting officer testified the placard allowed only exposure of the defendant's bare backside and the sides of her breasts. There was an apparent fatal variance in the charged offense and evidence introduced in the latter case and we disagree with the assertion that sexual copulation is always necessary in the interpretation of lewd acts as to the former. The term "lewdness," in Bl. Comm., c. 4, p. 64, does not mean illicit intercourse, but gross indecency, as if one exposed himself naked in the streets. Brooks v. State, 10 Tenn. (2 Yerg.) 482, 483, citing Jac. Law Dict. Common law "lewdness" includes any gross indecency so notorious as to tend to corrupt community morals. Abbott v. State, 43 SW2d 211, 212, 163 Tenn. 384. The intentional exposure of one's private parts to public view is a "lewd act" within meaning of open lewdness statute. State v. Luhnow, Hawaii, 597 P2d 15. Statute prohibiting lewd and dissolute, conduct in a place exposed to public view is not unconstitutionally vague; the words "lewd and dissolute" can be equated with the constitutionally sufficient term "obscene." People v. Rodrigues, 133 Cal. Rptr. 765, 766, 63 C. A. 3rd Supp. 1. "Lewdly," as used in indecent exposure statute, is not unconstitutionally vague." Martin v. State, Okl. Cr., 534 P2d 685, 688. In absence of additional conduct intentionally directing attention to his genitals for sexual purposes, defendant who simply sunbathed in the nude on isolated beach did not "lewdly" expose his private parts within meaning of statute proscribing indecent exposure. In Re Smith, 102 Cal. Rptr. 335, 338, 497 P2d 807, 7 C3d 362. There is a distinction with a difference in nude sunbathing on an isolated beach when compared to one's backyard basking in the sun.

Judge Powell wrote in Redd v. State, 7 Ga. App. 575 (67 SE 709) (1910) that a cow in heat forced to copulate with a bull, by the two defendants, in public in the presence of women and children warranted a conviction of "open lewdness, or any notorious act of public indecency, tending to debauch the morals." He pointed out on the other hand that a lady's sense of decency would not be outraged

had she, on her own, casually come upon animals in the sexual act although she might have felt a sense of shame. He asks the further rhetorical question: "Can it be said that it would not be a notorious act of public indecency if, in a theater or other similar place, one should exhibit trained animals, say monkeys dressed as men and women, and cause them to go through the act of sexual intercourse in the presence of the audience? Can it be doubted that this would tend to debauch the public morals?"

In Ginsberg v. New York, 390 U. S. 629 (88 SC 1274, 20 LE2d 195) (1968), a type of variable obscenity rule evolved wherein juveniles are involved, that is, what might not be obscene to adults could be obscene to children.

In *Byous v. State,* 121 Ga. App. 654 (175 SE2d 106) (1970), where defendant was convicted of "any notorious act of public indecency tending to debauch the morals," we held first "that what was observed by the adult after he left the roadside and went on defendant's premises to get a better view through the window has no probative value and would necessarily be excluded over objection." We affirmed the conviction of defendant who was viewed by children standing on the street waiting for a school bus through a five-foot picture window, while inside his own home, looking outside to see that children were present, dropping his robe and fondling his privates. This case under consideration is somewhat similar to the famous case of Sir Charles Sedley convicted of public indecency when he stood naked on a balcony in a public part of London while throwing liquor down among passing pedestrians, 1 Siderf. 168. Here we have a little girl playing in her backyard with her rabbit, hearing a "thumping" or "tapping" and then turning to see the private genitals of her nude next door neighbor. We believe the evidence in this case meets the test of "lewd" and agree with Judge Clark when he quotes from *Redd,* supra: "Whether an act is decent or indecent depends upon the time, the place, and all the circumstances surrounding its commission, including the intention, actual or implied, of the actor." *Key v. State,* 131 Ga. App. 126, 127 (205 SE2d 510) (1974). "Lewd," in summary, at least means a moving away from some form of community morality norms towards an amorality, immorality or obscenity, which in the final analysis within community standards as to particular acts, as to acceptability or unacceptability, is best left to a jury for determination.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED NOVEMBER 20, 1981 —
REHEARING DENIED DECEMBER 8, 1981 —

*Fred M. Hasty,* for appellant.
*Carl A. Veline, Solicitor,* for appellee.