## 64826. HESTER v. THE STATE.

BIRDSONG, Judge.

Billy Hester appeals from his conviction of public indecency (Code Ann. § 26-2011), enumerating eleven errors. We affirm.

1. Enumerations 10 and 11, based upon the general grounds, are without merit. The evidence shows that three witnesses on different occasions saw the nude figure of a white man about twenty years old standing in the window of a mobile home 50 feet from a public highway, holding his penis which had an erection and making masturbation motions. One of these witnesses, a school bus driver, identified this person as Billy Hester, who had ridden on her bus the first year she drove. An investigator for the Bartow County Sheriff's

Office testified that when he questioned Hester, Hester told him that he would come home from work, pull off his clothes and expose himself in front of the window "[j]ust to get a thrill."

The verdict was not contrary to law because the evidence failed to show an act of *public* indecency in that it was committed in a private residence. Code Ann. § 26-401 (m) defines "public place" as "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household." " 'It seems obvious that one engaging in conduct which was attributed to the defendant and which the jury by their verdict found to be true must have anticipated that such conduct might reasonably be expected to be viewed by members of the public going to and from the public . . . area which was in . . . use at the critical times under investigation.' " *Key v. State,* 131 Ga. App. 126, 127 (205 SE2d 510). Accord, *Singleton v. State,* 143 Ga. App. 387 (3) (238 SE2d 743); *Collins v. State,* 160 Ga. App. 680 (1) (288 SE2d 43). The evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that the appellant committed the crime for which he was charged. *Whitehead v. State,* 160 Ga. App. 644 (287 SE2d 648); *Waller v. State,* 134 Ga. App. 886 (216 SE2d 637).

2. Appellant asserts that his constitutional rights to due process of law and a jury trial have somehow been violated because his jury was selected from one panel of fourteen veniremen and one panel of ten veniremen, rather than from two panels of twelve persons each. However, appellant has failed to show how this procedure violated his rights or in any way harmed or prejudiced him. He was entitled to 24 veniremen and 24 he had. The record reveals that defense counsel moved for mistrial on this ground, also objecting that one venire-man who was not seated inside the jury box was "not in the well-exposed view of defense counsel as he would have been had he been in the box." The court instructed this person to move into the box and denied the motion for mistrial. If appellant was dissatisfied with the curative instructions it was incumbent upon him to request further instructions or renew his motion for mistrial. *Plemons v. State,* 155 Ga. App. 447 (3) (270 SE2d 836). " '[I]n view of the fact that the matter of granting a mistrial is "largely within the discretion of the court; and unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion will not be interfered with." ' " *Wofford v. State,* 152 Ga. App. 739, 740 (2) (263 SE2d 707).

3. Admission of testimony objected to as separate but uncharged acts of indecent exposure by the appellant within a two to three week time period was not reversible error. "Once the identity of the accused as the perpetrator of the offense separate and distinct

from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515); *King v. State,* 161 Ga. App. 382, 383 (2) (288 SE2d 644). In any event, no objection was made to testimony offered by another witness regarding similar conduct on two other occasions, and was in fact the subject of cross-examination. This evidence was all relevant to identify appellant as the perpetrator since it established a course of conduct. *King,* supra. Thus appellant's second, third and fourth enumerations of error are without merit.

4. Enumeration 5 protests admission in evidence of appellant's in-custody statement over objection that it was involuntarily made. We do not agree that appellant was insufficiently advised of his rights after reviewing the trial transcript. After proper inquiry into his age, educational background, and physical and emotional condition, appellant was read the standard Miranda warnings and signed the customary waiver form. The statement of the police officer during the course of questioning, that "I want you to tell us the truth," did not constitute such coercion or intimidation as to render the confession involuntary. "The determinations of voluntariness by both the trial judge and the jury are fully supported by the evidence and, therefore, final and binding upon this court in the absence of an indication that they are clearly erroneous. [Cit.]" *Tucker v. State,* 160 Ga. App. 66, 67 (2) (286 SE2d 56).

5. The jury charges complained of in enumerations 7, 8 and 9 are sufficiently similar to those approved and suggested as preliminary general instructions in criminal cases in the Pattern Instruction Book compiled by the Council of Superior Court Judges, and were not erroneous for any reason assigned.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED DECEMBER 1, 1982 —
REHEARING DENIED DECEMBER 17, 1982.

*Ben Lancaster,* for appellant.
*Darrell E. Wilson, District Attorney, Gerard P. Verzaal, Assistant District Attorney,* for appellee.