70287. RIDLEY v. THE STATE.
(337 SE2d 382)

Beasley, Judge.

The defendant appeals his conviction of possession of marijuana and diazepam, challenging the denial of his motion to suppress the physical evidence. It is contended that defendant was illegally arrested so that the subsequent warrantless search of his home violated his rights under the Fourth and Fourteenth Amendments.

On January 1, 1984, officer Kessler of the DeKalb Police Department received a domestic call concerning a man beating a woman, "the man . . . possibly armed with a nine millimeter handgun. . . ." On the way to the scene, Kessler spoke with a friend of the woman who stated he saw the defendant Ridley with a nine millimeter gun. When Kessler and his sergeant pulled up to the house, there was a white female with blood on her face standing in the driveway "screaming and hollering." The defendant, shirtless, was in the driveway screaming at the woman, but when he saw the police he ran inside the house. While the police sergeant went to the front door of the house, defendant exited the back door. Kessler, apprehensive of a weapon, made defendant lie down on the ground and frisked him but found no gun.

According to Kessler's testimony, the woman, who also had blood coming out of her mouth, told him that defendant had hit her several times with his fist but that she did not want to prosecute. Kessler also testified that defendant was loud and boisterous, screaming and cursing the entire time the police were there; a number of neighbors were present in their backyards at that time; defendant had a strong odor of alcohol on his breath, his speech was slurred and he had "all the signs of [an] intoxicated person." Kessler arrested the defendant for public drunkenness. Since defendant was cold he wanted a jacket to wear to jail. Kessler, concerned about the possibility of a gun, advised defendant he could not go into the house alone. Defendant agreed for Kessler to accompany him inside. When they walked into the kitchen, a bag of marijuana and scattered particles were on the kitchen counter in plain view within five feet of the door.

Officer Perry testified that he arrived at the scene about five minutes after Kessler. He observed lacerations on the woman's face and

called for medical treatment. Perry then followed defendant and Kessler into the house where he, too, saw the marijuana in the kitchen.

The woman testified for defendant and denied that he was drunk at the time in question or that he owned a gun. She admitted he argued loudly outside the house and that it was "freezing" weather but stated defendant was wearing a shirt. According to her, she hit the defendant first and they had physically fought before. She was considerably larger than defendant and related that in their fights she held her own.

Defendant testified that he and the woman had begun an argument, that she hit him and he responded in kind. He denied he was drunk and stated that he was talking outside when the police arrived. Although admitting he had a couple of beers, he denied there was any fighting in the yard or that he needed a jacket since he was wearing a shirt.

Defendant claims that the officer did not have probable cause to arrest him because one cannot be publicly drunk in one's own home. He concedes that the search and the seizure were proper if conducted incident to a valid arrest. An officer is authorized to arrest without a warrant if an offense is committed in his presence or within his immediate knowledge. OCGA § 17-4-20 (a). He must have probable cause to believe this has occurred. *Perryman v. State*, 149 Ga. App. 54, 56 (3) (253 SE2d 444) (1979). The question is one for the finder of fact. *Davis v. State*, 172 Ga. App. 193, 194 (1) (322 SE2d 497) (1984). The total circumstances must be taken into account. *Frankum v. State*, 174 Ga. App. 660, 661 (1) (331 SE2d 52) (1985); *Moore v. State*, 174 Ga. App. 826, 827 (1) (331 SE2d 115) (1985). The precise question is whether one may be guilty of an offense under OCGA § 16-11-41 for acts committed on one's premises.

Public drunkenness is comprised of two major components: (1) an intoxicated condition by a person "in any public place or within the curtilage of any private residence not his own other than by invitation of the owner or lawful occupant";[1] (2) which condition is manifested "by boisterousness, by indecent condition or act, or by vulgar, profane, loud or unbecoming language." OCGA § 16-11-41 (a); *Welch v. State*, 251 Ga. 197, 198 (4) (304 SE2d 391) (1983).

OCGA § 16-1-3 (15) defines "public place" as "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household." Thus

---

[1] The "curtilage" language was contained in the 1933 Code (old Code § 58-608) which forbade intoxication (manifested by specified conduct) on a public street or highway. It was then carried forward in the 1968 Criminal Code and is found in our present code. Such language is not applicable to the situation here.

it is clear that one's premises are not necessarily circumscribed from inclusion as a "public place." Only areas of privacy are excluded.

The term "public place" has been construed in connection with the offense of public indecency. OCGA § 16-6-8. In *Collins v. State*, 160 Ga. App. 680, 681 (1) (288 SE2d 43) (1981) defendant's conviction for public indecency involved sunbathing in the nude on his back porch, a place which could have been seen by his neighbor's daughter from the neighbor's backyard. The facts in *Hester v. State*, 164 Ga. App. 871 (1) (298 SE2d 292) (1982), were that defendant stood in front of the window of his mobile home and exposed himself "just to get a thrill." In *McGee v. State*, 165 Ga. App. 423, 424 (2) (299 SE2d 573) (1983) defendant was in the victim's apartment where he exposed himself and masturbated in front of her. The court found the apartment to be a "public place" as to defendant since his acts could reasonably have been viewed by a person or persons other than a member or members of his own family or household.

Here there was evidence that defendant was intoxicated in his yard, a place where his acts could be and were viewed by a person or persons other than members of his family or household, to wit, at least the police as they came to the scene.

As to the second element of public disturbances, which appellant also contests, the arresting officer testified, as related above, that defendant's condition was manifested by loud and boisterous behavior; he was "screaming and cursing." *Young v. State*, 155 Ga. App. 598, 599 (2) (271 SE2d 731) (1980). Defendant's own witness, the woman, admitted that he was arguing loudly outside the house following their fight.

Therefore, the officer had probable cause to arrest for public drunkenness, and there was no error in overruling the motion to suppress.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 18, 1985 —
REHEARING DENIED NOVEMBER 1, 1985 —

*Herbert Shafer*, for appellant.
*Robert E. Wilson, District Attorney, J. Michael McDaniel, Assistant District Attorney*, for appellee.