A89A0314. GREENE v. THE STATE.
(381 SE2d 310)

BEASLEY, Judge.

Greene appeals his conviction and sentence for public indecency, OCGA § 16-6-8 (3), by appearing nude in the presence of a teenage female babysitter in the bedroom and bathroom at his home. The jury found him not guilty of child molestation, OCGA § 16-6-4, and enticing a child for indecent purposes, OCGA § 16-6-5. Greene does not contest the findings that he made a lewd appearance in a state of complete nudity to a girl who was not a member of his family or household. His sole contention is that the trial court erred in failing to grant a directed verdict of acquittal because neither his marital bedroom nor the bathroom in his home was a "public place" within the meaning of OCGA § 16-1-3 (15).

OCGA § 16-1-3 (15) broadly defines "public place" as "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household." "Thus, it is clear that one's premises are not necessarily circumscribed from inclusion as a 'public place.' Only areas of privacy are excluded." *Ridley v. State*, 176 Ga. App. 669, 671 (337 SE2d 382)

(1985). "[W]hat constitutes a 'public place' within the meaning of our statute, is a question of fact which must be proved or disproved by the evidence in each case." *Rushing v. State*, 133 Ga. App. 434, 435 (1) (211 SE2d 389) (1974).

The evidence viewed so as to uphold the verdict, *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), showed that Greene brought sixteen-year-old Valerie, her thirteen-year-old friend, Cynthia, and Valerie's young brother and sister to his home ostensibly to babysit. When they arrived, Greene's wife and children were not home. Greene told the girls that his family probably had gone grocery shopping. A note on the table indicated that Greene's wife had gone to her mother's house and would be back soon. Greene went to shower in the bathroom off his bedroom.

Valerie wanted to use a telephone and looked in the kitchen, where she had seen one previously. She did not find it and told Greene before he got in the shower that she needed a phone. Greene told Valerie that she could use the one in his bedroom.

Valerie made the call and Cynthia went to check on her. Greene, nude, went to the bathroom door and asked Cynthia to bring some razor blades. When she did, he walked out for them. He was still nude and made no attempt to cover himself. He then asked Valerie to bring some iced tea, and when she did he again appeared nude. The girls went into the living room and then checked on the young children. Greene asked the girls to make telephone calls to determine whether his wife and children were on the way home. They waited for Greene to go back into the bathroom and then went into the bedroom and sat on the bed to phone. While they called, Greene came out of the bathroom numerous times and walked around nude in front of them. Still nude, he also laid down on the bed behind the girls. The girls were unable to reach anyone at the telephone numbers given by Greene.

About an hour and a half later, the teenagers told Greene that the small children were tired and wanted to go home. Greene told them they could clean up his son's room if they wanted to and they could make up his (Greene's) bed so that he could pay them for something. Valerie was in Greene's bedroom helping to make the bed when Greene again walked out of the bathroom completely unclothed.

In these circumstances Greene's bedroom and bath fit within the meaning of "public place" as defined by OCGA § 16-1-3 (15), so as to authorize his conviction for public indecency.

Greene argues that the marital bedroom has been held to be a "sacred precinct" of privacy by the United States Supreme Court and protectable as such. *Griswold v. Connecticut*, 381 U. S. 479, 485 (85 SC 1678, 14 LE2d 510) (1965). While that is true, Greene by his own behavior removed the barrier and converted his bedroom and bath from a private zone to a public place, where his nudity might reasona-

bly be expected to be viewed by people other than members of his family or household. It is not necessary that the place be visible to members of the public who are outside of it, see *McGee v. State*, 165 Ga. App. 423, 424 (2) (299 SE2d 573) (1983), although in *Hester v. State*, 164 Ga. App. 871 (298 SE2d 292) (1982), and in *Collins v. State*, 160 Ga. App. 680 (288 SE2d 43) (1981) (non-precedential), it was.

A directed verdict of acquittal was not required.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 14, 1989 —
REHEARING DENIED MARCH 29, 1989.

*Joseph E. Cheeley III, Joseph E. Cheeley, Jr.,* for appellant.
*Thomas C. Lawler III, District Attorney, Donald L. Johnstono, Jr., Debra K. Turner, Assistant District Attorneys,* for appellee.