## A89A0075. COLLINS v. THE STATE.
(381 SE2d 430)

McMURRAY, Presiding Judge.

Defendant was accused and convicted of public indecency. (OCGA § 16-6-8.) He was sentenced to serve 12 months on probation and ordered to pay a $1,000 fine. This appeal followed. *Held*:

1. On May 28, 1987, defendant was sunning himself on the back porch of his home. He was wearing socks, shoes and underwear. The underwear was pulled down close to defendant's knees, exposing his genitals. A neighbor and a police officer clearly saw defendant's genitals. The observers were 69 feet away and their view was unobstructed.

The trial court did not err in overruling defendant's motion for a directed verdict of acquittal. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of the offense of public indecency beyond a reasonable doubt. *McGee v. State,* 165 Ga. App. 423, 424 (2) (299 SE2d 573); *Hester v. State,* 164 Ga. App. 871 (1) (298 SE2d 292); *Collins v. State,* 160 Ga. App. 680 (1) (288 SE2d 43). Whether the act was performed in a "public place" within the meaning of the statute was a question of fact which the trial court properly left for the jury's resolution. *Rushing v. State,* 133 Ga. App. 434, 435 (1) (211 SE2d 389); OCGA § 16-1-3 (15).

2. The trial court charged the jury and it retired to deliberate. Soon, the jury sent a note to the judge which read: "Question: Is charge of public indecency (lewd exposure of sex organ) still unlawful if no person can view or see the sex organ?"

The trial court responded to the jury's inquiry without consulting counsel. It sent the jury a note and photostatic copy of the portion of its charge defining public indecency. The note read: "You must decide the case based on the evidence and charge as you remember it. Attached is the charge on public indecency."

Thereafter, while the jury was deliberating, defendant's counsel learned about the communications between the jury and the trial court. He attempted to locate the solicitor so the matter could be discussed. In the meantime, the jury returned to the courtroom and rendered its verdict. Before sentence was imposed, defendant moved for

a mistrial on the ground that the jury was recharged in defendant's absence. The trial court overruled the mistrial motion.

Defendant contends the trial court erred in recharging the jury in his absence and in denying his motion for mistrial. We agree.

" 'The rule is well established in this state, that the defendant on trial must be present when the court takes any action materially affecting his case.' *Andrews v. State,* 196 Ga. 84, 94 (26 SE2d 263) (1943); see *Wanzer v. State,* 232 Ga. 523, 526 (207 SE2d 466) (1974). 'This right is guaranteed to the accused by the fundamental law of this State, in order that he and his counsel may see to it that he has a fair and impartial trial and that nothing is done that would in any wise tend to his prejudice. Unquestionably the trial judge should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel, pending the trial; and the better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the jury. There should be no communication which would tend in any manner to prejudice the accused (for instance, to hasten a verdict against him, or to induce jurors who might be for him to yield their convictions); and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial, and the accused would be entitled to another trial.' *Miller v. State,* 13 Ga. App. 440, 442-3 (79 SE 232) (1913); see *Wilson v. State,* 212 Ga. 73 (90 SE2d 557) (1955); see also *Pierce v. State,* 47 Ga. App. 830 (171 SE 731) (1933). 'In considering the right of the accused to be present at every stage of the trial, and to have his counsel present, we must not lose sight of the further principle, equally well established, that a new trial will not be granted on account of an error which manifestly caused no injury to the accused. It would be trifling with justice to set aside a verdict clearly and strongly supported by the evidence, solely on the ground that such an error had been committed by the trial judge. To warrant such action by a reviewing court, it must be manifest that the error was prejudicial in character.' *Miller v. State,* supra at 444." *Stewart v. State,* 165 Ga. App. 428, 429, 430 (300 SE2d 331).

Pursuant to an application of the foregoing principles, it is clear that the trial court erred in communicating with the jury in the absence of defendant and his counsel. The State concedes as much. It argues, however, that defendant could not have been harmed by the communication because it simply amounted to a recharge of a portion of the charge originally given. This argument fails in light of *Hopson v. State,* 116 Ga. 90, 91 (2) (42 SE 412).

In *Hopson v. State,* supra, the trial court, in the absence of that defendant and his counsel, gave the jury a second charge which was virtually the same as the first charge. The Supreme Court held that "the fact that the 'recharge' was, in substance, the same as the original charge" did not "dispense with the necessity for ordering a new trial. The great point is that the accused and his counsel have the right to be present at every stage of the proceedings and personally see and know what is being done in the case. To say that no injury results when it appears that what occurred in their absence was regular and legal would, in effect, practically do away with this great and important right, one element of which is to see to it that what does take place is in accord with law and good practice." Id. at 91, 92.

In the case sub judice, the recharge cannot be deemed harmless. After all, the jury was instructed on a substantive issue in the absence of defendant and his counsel. Compare *Leverette v. State,* 104 Ga. App. 743 (1) (122 SE2d 745). Moreover, the recharge coming as it did in written form, was not in accord with good practice. See *Woodard v. State,* 91 Ga. App. 374 (2) (85 SE2d 723). Surely, defendant and his counsel should have been afforded an opportunity to object to the recharge and the manner in which it was given. See *Hopson v. State,* 116 Ga. 90, 91, supra.

Under the particular facts and circumstances of the case sub judice, defendant is entitled to a new trial because the jury was recharged in the absence of defendant and his counsel. Accordingly, the judgment is reversed.

3. Preliminarily, defense counsel stated that he intended to cross-examine the victim as to whether she was pursuing a "vendetta against [defendant] because of rumors or accusations that he made about her character." The trial court replied that it would not allow such a cross-examination because the "rumors" concerned the victim's past sexual conduct. Defendant asserts that, in so ruling, the trial court erroneously denied his right to a thorough and sifting cross-examination because he was not permitted to demonstrate the victim's bias. See OCGA § 24-9-68. The State contends, on the other hand, that the trial court ruled properly because evidence concerning the victim's past sexual conduct is irrelevant. See *Butler v. State,* 173 Ga. App. 168 (1) (325 SE2d 835). Because we reverse on other grounds (see Division 2), we need not decide whether the trial court's ruling constituted harmful error. We suggest, however, that upon retrial, the trial court permit a limited inquiry concerning the victim's bias which does not touch upon the victim's past sexual conduct, if any. See *McDuffie v. State,* 121 Ga. 580, 581 (7) (49 SE 708), wherein it was held that "[w]hile the defendant could show that the State's witness had unkindly feelings toward him, it was not competent to go into details of the difficulty between the witness and the defendant."

4. In his third enumeration of error, defendant contends the trial court erred in permitting evidence of similar transactions because the prosecution did not comply with Rule 31.3 of the Uniform Rules for the State Courts. 253 Ga. 801, 854, 887. The alleged error is not likely to occur upon retrial, and therefore, it need not be considered.

5. The trial court did not err in refusing to charge defendant's first, second, third, fourth, sixth, seventh, eighth and tenth requests to charge. These requests were adequately covered in the charge as given by the trial court. Besides, the trial court's charge employed less argumentative language than the charges submitted by defendant. See *Adams v. State,* 186 Ga. App. 599, 603 (5) (367 SE2d 871).

6. The trial court did not err in charging on voluntary intoxication. Contrary to defendant's contention, the charge was supported by the evidence.

It was not incumbent upon the trial court to charge that involuntary intoxication can be a defense. Evidence of involuntary intoxication was lacking.

7. Defendant contends the trial court erred in denying his motion in limine. Via the motion, defendant sought a ruling which would have prevented the arresting officer from testifying about observations she made following defendant's arrest. The motion was predicated upon the ground that defendant was arrested illegally. We disagree.

"An officer is authorized to arrest without a warrant if an offense is committed in his presence or within his immediate knowledge. OCGA § 17-4-20 (a). He must have probable cause to believe this has occurred. *Perryman v. State,* 149 Ga. App. 54, 56 (3) (253 SE2d 444) (1979)." *Ridley v. State,* 176 Ga. App. 669, 670 (337 SE2d 382).

Having committed the offense of public indecency in the presence of the arresting officer, defendant was subject to warrantless arrest. *Ridley v. State,* supra; *Caito v. State,* 130 Ga. App. 831, 833 (2) (204 SE2d 765). The officer was not required to obtain a warrant simply because defendant was sitting on his porch. After all, defendant was not in his house when the arrest was made. See *Mincey v. State,* 251 Ga. 255, 261 (304 SE2d 882); *Ridley v. State,* supra. Defendant was not arrested illegally. Accordingly, the trial court did not err in denying the motion in limine.

8. Finally, defendant contends he was selectively prosecuted in violation of his equal protection rights because others similarly situated are not prosecuted. This contention is without merit. There was no evidence whatsoever that others similarly situated are not prosecuted generally. Nor was there any evidence of purposeful discrimination based upon arbitrary criteria. See *Sabel v. State,* 250 Ga. 640, 643 (300 SE2d 663); *Carver v. State,* 185 Ga. App. 436, 438 (3) (364 SE2d 877).

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1989.

*Lucas & Bond, Kenneth E. Lucas,* for appellant.
*Carl A. Veline, Jr., Solicitor, Robert Turner, Assistant Solicitor,* for appellee.