**STEVEN MEYERS, Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Criminal App. No. 2004/173

District Court of the Virgin Islands

Division of St. Croix, Appellate Division

May 28, 2010

DEBRA S. WATLINGTON, ESQ., TPD, St. Thomas, USVI, *Attorney for Appellant.*

MAUREEN PHELAN, ESQ., AAG, St. Thomas, USVI, *Attorney for Appellee.*

GÓMEZ, *Chief Judge*; FINCH, *Judge*; and THOMAS, *Judge of the Superior Court of the Virgin Islands*, sitting by designation.

## MEMORANDUM OPINION

(May 28, 2010)

Steven Meyers ("Meyers" or "Appellant") brings this appeal challenging the criminal statute under which he was convicted as unconstitutionally void for vagueness. For the reasons stated herein, we affirm Meyers' conviction.

## I. FACTUAL AND PROCEDURAL POSTURE

Meyers was charged with four counts of obscene and indecent conduct in violation of V.I. CODE ANN. tit. 14, § 1022(a)(1).[1] The Government's second amended complaint charged that on at least four occasions — on March 17, 2002, August 11, 2002, August 21, 2002, and August 29, 2002 — Meyers exposed "his private body parts in a place where there were present other persons to be offended or annoyed thereby and/or did exhibit himself to public view or to the view of any number of persons, such as is offensive to decency." (J.A. 7-8.) Those charges stemmed from allegations that Meyers, who resided at No. 251 Estate Mount Pleasant, Frederiksted, routinely moved about his backyard naked, in view of his neighbors.

Three neighbors who witnessed Meyers' conduct on separate occasions testified on behalf of the Government. Theresa Vanterpool, who resided at No. 249 Estate Mount Pleasant, testified that she observed Meyers walking around naked in his backyard on at least two occasions in August 2002. Felicidad Joseph, who resided at No. 253 Estate Mount Pleasant, testified that she saw Meyers on August 29, 2002 and again on August 31, 2002, working in his yard while naked. Consylitha Walters, who resided next door at No. 250, said Meyers regularly moved around his backyard naked and had done so since approximately 1993. The neighbors testified

---

[1] Count I concerned conduct on May 11, 2003. Count II concerned conduct on August 11, 2003. Count III concerned conduct on August 21, 2003. Count IV concerned conduct on August 29, 2003. (J.A. 9-10.)

that they were able to see Meyers as they casually moved around their property because there was nothing to obstruct their view. Joseph and Walters testified that as a result of Meyers' conduct, they could not allow their children to play in their own yards. There was also a path adjoining Meyers' property, which was used by children and others as a shortcut.

Following a bench trial, Meyers was convicted of counts II and IV (charging Myers with exposure that occurred on August 11, 2003 and August 29, 2003, respectively) and acquitted Meyers of counts I and III (charging Meyers with exposure that occurred on May 11, 2003 and August 21, 2003, respectively). (J.A. 9-10.) On August 25, 2004, the court granted Meyers' post-trial motion for a new trial as to count II. Meyers was sentenced to six months of supervised probation, fifty hours of community service and a fine of $100 for his conviction on count IV. This timely appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

### A. Jurisdiction

Our appellate jurisdiction to review final judgments in criminal matters is set forth in The Omnibus Justice Act of 2005, Act No. 6730, § 54; and the Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a.[2]

### B. Void for Vagueness Standard of Review[3]

■ "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." *United States v. Harriss*, 347 U.S. 612, 617, 74 S. Ct. 808, 98 L. Ed. 989 (1954); *United States v. National Dairy Products Corp.*, 372 U.S. 29, 33, 83 S. Ct. 594, 9 L. Ed. 2d 561 (1963).

---

[2] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

[3] We accord plenary review to the trial court's application of legal precepts and issues implicating rights protected under the U.S. Constitution. *See Soto v. Gov't of V.I.*, 344 F. Supp. 2d 450, 46 V.I. 363 (D.V.I. App. Div. 2004) (citing *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir. 2000)); *HOVIC v. Richardson*, 894 F. Supp. 211, 32 V.I. 336 (D.V.I. App. Div. 1995). However, a trial court's findings of fact in a non-jury trial are subject to the clearly erroneous standard of review, with due regard afforded the trial court's opportunity to judge the credibility of witnesses. *See Bryan v. Gov't of V.I.*, 150 F. Supp. 2d 821, 827 (D.V.I. App. Div. 2001); *see also Poleon v. Gov't of V.I.*, 184 F. Supp. 2d 428 (D.V.I. App. Div. 2002).

■ To satisfy constitutional due process requirements,[4] a criminal statute must give fair notice of the conduct that would subject one to penal consequences. *See Connally v. General Const. Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1926) (citations omitted); *Kolender v. Lawson*, 461 U.S. 352, 357-358, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983) (citations omitted). The test for determining if a statute gives "fair notice" is whether the criminal conduct is stated with sufficient clarity such that men of ordinary intelligence can understand what conduct is prohibited and need not guess at its meaning, and whether there are set standards for its enforcement. *See Connally*, 269 U.S. at 391; *Soto v. Gov't of the V.I.*, 344 F. Supp. 2d 450, 454, 46 V.I. 363 (D.V.I. App. Div. 2004).

■ A statute touching on First Amendment freedoms may be attacked as vague "on its face." *United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 83 S. Ct. 594, 9 L. Ed. 2d 561 (1963).[5] However, statutes regulating other types of conduct will be invalidated only if they are vague in light of the conduct of the party challenging the statute i.e., "as applied." *Id.*; *see also Soto*, 344 F. Supp. 2d at 454 (citing *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* 455 U.S. 489, 494-95, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982) (citations omitted); *United States v. Petrillo*, 332 U.S. 1, 7-8, 67 S. Ct. 1538, 91 L. Ed. 1877 (1947) (citations omitted) ("the Constitution does not require impossible standards"; all that is required is that the language "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. . . ."); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1199-1200 (3d Cir. 1988).

---

[4] The Fourteenth Amendment's due process clause, providing that no state shall "deprive any person of life, liberty, or property without due process of law," U.S. CONST. amend. XIV, § 1, is applicable to the Virgin Islands by virtue of Section 3 of the Revised Organic Act of 1954, 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), reprinted in V.I. CODE ANN., Historical Documents (preceding Title 1 of the Virgin Islands Code).

[5] Where cases arise under the First Amendment, courts are concerned with a strict construction of the vagueness of the statute "on its face" because such vagueness may in itself deter constitutionally protected and socially desirable conduct. *See Thornhill v. Alabama*, 310 U.S. 88, 98, 60 S. Ct. 736, 84 L. Ed. 1093 (1940); *NAACP v. Button*, 371 U.S. 415, 83 S. Ct. 328, 9 L. Ed. 2d 405 (1963) (citations omitted) (standards of permissible statutory vagueness are strict in the area of free expression because first amendment freedoms "are delicate and vulnerable, as well as supremely precious in our society . . ."); *United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 36, 83 S. Ct. 594, 9 L. Ed. 2d 561 (1963).

■ Hence, unless a First Amendment challenge is raised, a criminal defendant's vagueness challenge "can only be raised by a defendant whose own conduct arguably did not fall within the terms of the statute". *United States v. Loy*, 237 F.3d 251, 259 (3d Cir. 2001). If the conduct falls clearly within that proscribed by the statute, the vagueness challenge must fail. *See id.* (noting that sufficiency of the notice given by a statute is to be examined "in light of the conduct with which a defendant is charged," and a defendant whose conduct "is at the core" of the activities clearly covered by the statute's terms may raise a vagueness defense only if the statute is one that is likely to chill the exercise of constitutionally protected conduct); *Gov't of the V.I. v. Steven*, 962 F. Supp. 682 (D.V.I. App. Div. 1997); *Parker v. Levy*, 417 U.S. 733, 755-56, 94 S. Ct. 2547, 41 L. Ed. 2d 439 (1974) (citations omitted) ("one to whose conduct a statute clearly applies may not successfully challenge it for vagueness."). We have previously held that, "[w]here the general class of offenses can be made constitutionally definite by reasonable construction of the statute, the reviewing court has a duty to give the statute that construction." *Steven*, 962 F. Supp. at 684-85.

## III. ANALYSIS

### A. Whether 14 V.I.C. § 1022(a)(1) is void for vagueness

Meyers challenges the statute as vague as it is applied to his conduct. The statute at issue provides, in relevant part, that it is obscene and indecent conduct to expose one's *"person or the private parts thereof in any public place, or in any place where there are present other persons to be offended or annoyed thereby*, or . . . [to] make[ ] any other exhibition of himself *to public view or to the view of any number of persons*, such as is offensive to decency . . . ." 14 V.I.C. § 1022(a)(1) (emphasis added). What constitutes "obscene" conduct under the statute is further defined as that conduct which,

> to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest, i.e., a shameful or morbid interest in nudity, sex, or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters and is matter which is utterly without redeeming social importance.

14 V.I.C. § 1022(a)(1).

■ Meyers was charged with four counts of "expos[ing] his private body parts in a place where there were present other persons to be offended or annoyed thereby and/or [with exhibiting] himself to public view or to the view of any number of persons, such as is offensive to decency," pursuant to title 14, section 1022(a)(1) of the Virgin Islands Code. (J.A. at 7-8.) He argues that the statute under which he was charged is unconstitutional under *Connally* and its progeny because it fails to specify its intent to criminalize conduct occurring within the privacy of one's own property where there is a reasonable expectation of privacy. Meyers additionally contends that the statutory requirement that the conduct be such that could offend others is also impermissibly vague because it purports to criminalize conduct which may be " 'offensive' to some and not others." (App. Br. 11.) This Court disagrees and, for the following reasons, holds the relevant statute is not unconstitutional as applied to Meyers.[6]

■ ■ Section 1022(a)(1) lists various ways in which the indecency statute may be violated. Because each phrase of the statute is connected with the disjunctive "or" in a context that clearly contemplates alternative types of behavior constituting the crime, they are each to be given independent meaning. *See United States v. Parcel of Real Property Known as 6109 Grubb Road, Millcreek Tp. Erie County, Pa.*, 886 F.2d 618, 626 (3d Cir. 1989) (citation omitted) ("canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings unless the context dictates otherwise"); *FCC v. Pacifica Found.*, 438 U.S. 726, 98 S. Ct. 3026, 57 L. Ed. 2d 1073 (1978) (terms connected by a disjunctive must be given separate meaning); *see also Sweger v. Chesney* 294 F.3d 506, 516-18 (3d Cir. 2002) (the words "obscene,

---

[6] Meyers loosely suggests that the statute also infringes on his First Amendment freedoms of movement and association, but he provides neither factual nor legal support for this position. (App. Br. 8.) However, mere public or open display of nudity is not in itself protected conduct; constitutional free speech protections are implicated only where such nudity is combined with some mode of expression "which itself is entitled to First Amendment protection." *Chapin v. Southampton*, 457 F. Supp. 1170, 1173-74 (E.D.N.Y. 1978); *Erznoznik v. Jacksonville*, 422 U.S. 205, 212, 95 S. Ct. 2268, 45 L. Ed. 2d 125 (1975); *Roth v. United States*, 354 U.S. 476, 492-93, 77 S. Ct. 1304, 1 L. Ed. 2d 1498 (1957), *overruled on other grounds as stated in Planned Parenthood v. Casey*, 947 F.2d 682, 693 (3d Cir. 1991). Here, Meyers cites no conduct that he argues is a mode of expression entitled to First Amendment protection.

indecent, or profane" are written in the disjunctive, implying that each has a separate meaning).

█ █ Meyers was charged with "expos[ing] his private body parts in a place where there were present other persons to be offended or annoyed thereby." (J.A. 7-9.) The statute's clear and unambiguous language, which explicitly identifies public places, places where others may be present, and places in the "public view" makes clear that the statute's reach is not limited to areas traditionally viewed as "public places." 14 V.I.C. § 1022(a)(1). Rather, the statute explicitly criminalizes conduct either in public places or in a place and manner that is open to the view of others. *Id.* at § 1022(a)(1). Indeed, a reading that construes the statute to reach only "public places" inappropriately limits the reach of the statute. Accordingly, given the plain language of sections 1021 and 1022, a reasonable person of ordinary intelligence is put on notice that engaging in nudity or sexual conduct while standing on private property will, nonetheless, subject him to criminal prosecution if members of the public are not shielded from such conduct.[7]

█ █ Moreover, contrary to Meyers' arguments, there is nothing in the second clause of the statutory language that requires a showing that a specific person was actually offended by his conduct, nor is the statute's enforcement left solely to a subjective standard of what is deemed annoying.[8] *But see Coates v. Cincinnati*, 402 U.S. 611, 614, 91 S. Ct. 1686, 29 L. Ed. 2d 214 (1971) (citations omitted) (noting that in a void for vagueness context, "[c]onduct that annoys some people does not

---

[7] *United States v. Loy*, 237 F.3d 251, 259 (3d Cir. 2001) ("A typical vagueness challenge . . . can only be raised by a defendant whose own conduct arguably did not fall within the terms of the statute, thus allowing the defendant to claim that the lack of fair notice led to a deprivation of liberty without due process of law."); *see also Maynard v. Cartwright*, 486 U.S. 356, 361 (1988) (citations omitted) (no lack of notice may be asserted to defeat a statute if reasonable persons would know their conduct puts them at risk of punishment under the statute).

[8] The words "indecent" and "obscene" are common words, of common usage, and enjoy a commonly recognized meaning among people of common intelligence. Though such words may have different imputations in varying contexts, when they are used in the phrase "indecent or obscene exposure of the person" they project a connotation readily understandable to persons of ordinary comprehension, however cynical, sophisticated, or Bohemian their attitudes might otherwise be.

*State v. Galbreath*, 69 Wn.2d 664, 668, 419 P.2d 800 (1966).

annoy others"). Rather, the statute prohibits nudity in the presence of others, conduct which society has determined to be offensive and beyond contemporary bounds of decency. *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 567-569, 111 S. Ct. 2456, 115 L. Ed. 2d 504 (1991) (citations omitted) (noting that public indecency statutes have traditionally banned public nudity and that it is well-established that the legislature could legitimately act to protect the social interest in order and morality by prohibiting such conduct).

As such, Meyers cannot claim vagueness solely because his public exposure occurred in his backyard.[9] He exposed his private parts in clear view of his neighbors, despite his neighbors' repeated complaints. As a result, his nudity fell squarely within the category of conduct prohibited by the statute, because his conduct occurred in both the presence of others and in view of others. *See Martin v. State*, 1983 OK CR 168, 674 P.2d 37, 39 (1983) ("[I]ndecent exposure may need not always occur in a public place. The offense may be committed any place where

---

[9] *See, e.g., Van Houten v. State*, 46 N.J.L. 16, 17 (1884) (defining place as "public place" for purposes of indecent exposure statute where accused conduct could be seen by public); *State v. Sousa*, 201 A.2d 664, 665 (Conn. Cir. Ct. 1964) (indecent exposure statute properly applied, despite fact that the conduct occurred within the defendant's apartment, where it was plainly visible to others on the outside); *Byous v. State*, 121 Ga. App. 654, 175 S.E.2d 106 (1970) (rejecting argument that conduct occurring within private residence did not fall within statute and affirming conviction where defendant was viewed through a picture window in the front of his home as he dropped his bathrobe and stood naked fondling his genitals, and where such conduct was in view of passersby in the street; holding act was done in public or in public view where likely to be viewed or actually viewed by members of public casually passing by); *People v. Legel*, 24 Ill. App. 3d 554, 321 N.E.2d 164 (2d Dist. 1974) (holding that the indecency statute was violated where defendant exposed himself in the lighted dining room of his own residence, which had a large window, and could be clearly observed from a neighboring house through the sliding glass doors of the man's house and where a reasonable person in the position of the defendant would expect his conduct to be viewed by others); *Collins v. State*, 191 Ga. App. 289, 381 S.E.2d 430 (1989) (affirming conviction where defendant, sunning virtually nude on his back porch, could be viewed by others at least sixty-nine feet away); *State v. Allo*, 510 So. 2d 14 (La. Ct. App. 5th Cir. 1987), writ denied, 514 So. 2d 1174 (La. 1987) (affirming conviction where nude defendant in his backyard could be easily viewed through an open gate); *Davison v. State*, 1955 OK CR 32, 281 P.2d 196, 197-99 (1955) (affirming conviction where indecency occurred in private garage, but in sight of passersby); *Hester v. State*, 164 Ga. App. 871, 298 S.E.2d 292 (1982) (affirming conviction, despite fact that lewd conduct occurred within a private residence, where it was done in front of window in view of passersby).

874

others are present, including streets and private residences . . ."). Meyers' vagueness challenge must therefore fail.[10]

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** Meyers' conviction.

---

[10] The statute in question prohibits one from making "any other exhibition of himself to public view or to the view of any number of persons, such as is offensive to decency. . . ." 14 V.I.C. § 1022(a)(1).

Meyers alludes that the statute is vague because it does not define the term "offensive to decency." (App. Br. 17.) However, this term is of ordinary meaning. *See United States v. E.T. Dupont De Nemours & Co.*, 432 F.3d 161, 171 (3d Cir. 2005) (undefined statutory terms are to be construed according to their "ordinary and natural meaning") (citing *United States v. Alvarez-Sanchez*, 511 U.S. 350, 357, 114 S. Ct. 1599, 128 L. Ed. 2d 319 (1994)). "Offensive" refers to that which is "disagreeable to the senses . . . [or] [c]ausing anger, resentment, displeasure, or affront." WEBSTER'S SECOND NEW COLLEGE DICTIONARY 759 (2001). "Decency" connotes conduct "[c]onform[ing] to accepted standards of propriety or modesty." *Id.* at 292. These common meanings are further reflected in the common law construction of "indecent exposure" laws to extend to conduct that offends well-established societal mores. *See, e.g., Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 567-69, 111 S. Ct. 2456, 115 L. Ed. 2d 504 (1991) (noting that public indecency statutes "reflect moral disapproval of people appearing in the nude among strangers in public places" and were designed to protect morals and public order); *see also Hallmark Productions v. Mosley*, 190 F.2d 904, 910 (8th Cir. 1951) ("The term obscene and indecent exhibition of the person has been construed to mean an exposure of those parts of the person which are commonly considered as private and which custom and decency require should be covered and kept concealed from public sight . . .") (internal citations omitted).

Given these commonly understood statutory terms, the Virgin Islands indecent exposure statute put Meyers on notice that moving about his unenclosed backyard unclothed, in unobstructed view of neighbor and passerby alike, would subject him to punishment under section 14 V.I.C. § 1022(a)(1).